IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARGARET C. GILPIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-06-762-C |
| | ) | |
| JOHN C. POTTER, Postmaster General | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff's Amended Complaint fails to state a claim for relief. Plaintiff's Complaint alleges that she was subjected to a sexually hostile work environment, retaliated against for engaging in protected activity, and subject to intentional infliction of emotional distress. Defendant argues Plaintiff's claims must fail as she has failed to exhaust her sexual harassment claim, the alleged retaliation was too remote in time from the protected activity to give rise to an actionable claim, and Plaintiff's tort claim is prohibited because it arises from her employment and Title VII[1] is the exclusive remedy

---

[1] 42 U.S.C. §§ 2000e, *et seq*.

for such claims or, in the alternative, the claim is barred by sovereign immunity as Plaintiff failed to comply with the requirements of the Federal Tort Claims Act.[2]

Initially, the Court must resolve the appropriate provision of Fed. R. Civ. P. 12 to apply. As noted, Defendant brings his motion pursuant to Fed. R. Civ. P. 12(b)(6); however, that portion of the motion challenging Plaintiff's failure to raise an allegation of sexual harassment in her EEOC proceedings is properly considered under Fed. R. Civ. P. 12(b)(1), as it argues that Plaintiff never exhausted her administrative remedies as to the claim. See Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002):

> We have held that the exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. See, e.g., Woodman v. Runyon, 132 F.3d 1330, 1341 (10th Cir. 1997); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996). However, we were careful to distinguish in Jones between a failure to *timely* file an administrative charge, which is not jurisdictional, and a failure to file an administrative charge at all, which is a jurisdictional bar. See Jones, 91 F.3d at 1399 n. 1 (citing Zipes v. TWA, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (timely filing before EEOC not jurisdictionally required to sue in district court)).

(footnote omitted). When reviewing a claim pursuant to Rule 12(b)(1), the Court may consider matters outside the pleadings. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995). Thus, the Court may consider the materials appended to Defendant's motion when considering the sexual harassment claim.

---

[2] 28 U.S.C. §§ 1346(b) and 2671, *et seq.* ("FTCA").

Plaintiff's Amended Complaint asserts that Defendant subjected Plaintiff to a sexually hostile work environment due to her gender.  See Dkt. No. 19, ¶10.  Plaintiff also raises various allegations of being treated differently than male co-workers.  Nowhere in Plaintiff's Amended Complaint does she raise allegations of disability discrimination or violations of the American's with Disabilities Act.  The disparity is apparent when comparing the Complaint with the allegations made by Plaintiff in the EEO document outlining her allegations.  As required by 29 C.F.R. 1614.106, Plaintiff completed an EEO Complaint of Discrimination in the Postal Service.  Plaintiff appended to that document approximately six typewritten pages outlining her complaints.  Nowhere in either document did Plaintiff allege that she was subject to a hostile work environment because of her gender.  See Dkt. No. 23, Ex. 2.  Plaintiff argues that throughout her EEOC documents she used the word harassment and that was sufficient to raise a claim of hostile work environment.  Plaintiff's position is unsupportable.  First, the word "harassment" is broader than Plaintiff's argument suggests as it is not limited to issues of sexually discriminatory treatment.  Indeed, the Oxford English Dictionary, Online Edition defines harass as "[t]o wear out, tire out, or exhaust with fatigue, care, trouble, etc."[3]  Second, every time Plaintiff used the word within the context of wrongs being done to her, the remainder of the sentence was focused on the treatment received because of her disability. Defendant has also attached a copy of a document entitled "Partial Acceptance/Partial

---

[3] http://dictionary.oed.com/ (Last visited June 26, 2007).

Dismissal of Formal EEO Complaint." Dkt. No. 23, Ex. 4.  That document identified the nature of Plaintiff's allegations as follows: "Type(s) of Discrimination: disability (Strains, Carpal Tunnel Syndrome and Depression) and retaliation (Prior EEO Activity)."  Id.  Plaintiff was then warned to consider carefully the manner in which the issues were defined – "If you do not agree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, within seven (7) calendar days of receipt of this letter."  Id.  Finally, Plaintiff also signed a EEO Investigative Affidavit.  That document states: "You alleged discrimination based on disability (strains, carpal tunnel syndrome, and depression) and retaliation (prior EEO activity) when, on March 03, 2005, you were sent home.  Does this accurately reflect your complaint of discrimination that is the subject of this investigation?"  Dkt. No. 23, Ex. 5.  Plaintiff then handwrote "yes."  Id.  In response to Defendant's argument, Plaintiff has offered no argument or evidence demonstrating that she filed a separate EEO claim raising allegations of sexual harassment/hostile work environment based on gender.  Thus, it is clear that Plaintiff did not exhaust the required administrative remedies prior to filing the present action.  Consequently, the Court lacks subject matter jurisdiction to consider that claim.  Sizova, 282 F.3d at 1325.  Defendant's motion will be granted on this issue.

Defendant next challenges Plaintiff's claim of retaliation, arguing it is too remote in time to give rise to an actionable claim.  Because this portion of Defendant's motion challenges whether Plaintiff has stated a claim for relief, it is properly brought pursuant

to Fed. R. Civ. P. 12(b)(6). Accordingly, Plaintiff's Complaint can not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendant's argument for dismissal must be denied on its stated basis as the factual averments of the Amended Complaint do not provide the dates relied on by Defendant. Thus, the Court cannot consider the temporal relation between Plaintiff's protected activity and the alleged retaliation. Nevertheless, the Court finds the Amended Complaint fails to state a claim for relief for retaliation.

Paragraph 11 of the Amended Complaint makes the conclusory allegation that "By retaliating against the Plaintiff, Defendant has violated 42 U.S.C.§ 2000e-3(a)." Dkt. No. 19. While the Court must construe the facts in favor of Plaintiff, that rule applies only to well-pleaded facts and not conclusory allegations. See Witt v. Roadway Exp., 136 F.3d 1424, 1431 (10th Cir. 1998) ("We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and construe them in the light most favorable to the plaintiff.") (citing Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984)).  Thus, paragraph 11, standing alone, is insufficient to state a claim for retaliatory discharge. The only factual averment of any retaliatory action is found in paragraph 5 of the Amended Complaint where Plaintiff asserts that Mr. Shive retaliated against her for filing a grievance through her union. Filing a grievance with a union that does not raise Title VII

issues is not a protected activity under § 2000e-3. See Jones v. United Parcel Service, Inc., 411 F.Supp.2d 1236, 1258-59 (D. Kan. 2006) ("In unpublished cases, the Tenth Circuit has found that when a grievance or other activity does not allege discrimination, it does not constitute either protected activity or protected opposition.") (citing Hounton v. Gallup Indep. Co., 113 F.App'x 329, 334 (10th Cir. 2004) (filing of police report not protected activity when report does not refer to discriminatory activity); Anderson v. Acad. Sch. Dist. 20, 122 F.App'x 912, 916 (10th Cir. 2004) (grievance did not allege mistreatment based on race); Robbins v. Jefferson County Sch. Dist. R-1, 186 F.3d 1253, 1258 (10th Cir. 1999) (testimony in arbitration hearing not protected activity when it did not concern discrimination), abrogated on other grounds; Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 985 (10th Cir. 1991) (grievance which did not allege discrimination not protected activity), overruled on other grounds by Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220 (10th Cir. 2000); see also Moore v. United Parcel Serv., Inc., 150 F.App'x 315 (5th Cir. 2005) (grievance which alleged violation of agreement with union but not race discrimination not protected activity); Tiedeman v. Neb. Dep't of Corrs., 144 F.App'x 565 (8th Cir. 2005) (grievance about pay rate based on union contract, not sex discrimination, not protected activity)). Consequently, as currently written, Plaintiff's Amended Complaint fails to state a claim for Title VII retaliation and that claim will be dismissed without prejudice.

Finally, Defendant argues that Plaintiff's claim for Intentional Infliction of Emotional Distress must be dismissed. Defendant raises several theories, arguing each requires dismissal of the tort claim. In her response, Plaintiff states that she declines to respond to Defendant's arguments.[4] Because Defendant's argument premised on the FTCA raises questions about the Court's jurisdiction to consider the claim, it must be addressed first.

According to Defendant, Plaintiff has failed to follow the administrative prerequisites for pursuing a claim under the FTCA. Defendant asserts that Plaintiff has not filed an administrative claim asserting a claim for Intentional Infliction of Emotional Distress. In light of Plaintiff's failure to rebut this argument, the Court will accept it as true. The viability of Plaintiff's tort claim is governed by 28 U.S.C. § 2675(a), which states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

---

[4] Plaintiff's failure to respond does not, without more, entitle Defendant to default on the issue. See Issa v. Comp USA, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

(emphasis added). Thus, Plaintiff's failure to exhaust the administrative prerequisites prior to filing this action requires that her Intentional Infliction of Emotional Distress be dismissed. However, because Plaintiff may be able to demonstrate that she did in fact exhaust the required administrative remedies before filing the present action, the dismissal will be without prejudice.

As set forth more fully herein, Defendant Postmaster General's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 23) is GRANTED. Plaintiff's claim that she was subject to a sexually hostile work environment is DISMISSED with prejudice. Plaintiff's claims that she was retaliated against for engaging in protected activity and subject to intentional infliction of emotional distress are DISMISSED without prejudice. In light of these rulings, Defendant's Motion to Strike Plaintiff's Demand for Punitive Damages (Dkt. No. 22) is STRICKEN as moot.

IT IS SO ORDERED this 2nd day of July, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge